1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN II,<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>LARRY SMALL, Warden,<br><br>　　　　　　　　　　Respondent. | Civil No.　　09-2165 LAB (AJB)<br><br>**ORDER**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS and,**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE** |

　　　Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

### REQUEST TO PROCEED IN FORMA PAUPERIS

　　　According to his prison trust account statement, Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

### FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

　　　Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents.

Petitioner lists various problems he claims he is facing in prison. Petitioner claims prison officials placed him in Administrative Segregation without a fair disciplinary hearing. (Pet. at 6-9.) Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on state court judgments." *McGuire v. Blubaum,* 376 F. Supp. 284, 285 (D. Ariz. 1974).

In no way does Petitioner claim his state court conviction violates the Constitution or laws or treaties of the United States. Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). It appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial

1  remedies, a California state prisoner must present the California Supreme Court with a fair
2  opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28
3  U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.  Moreover, to properly exhaust state court
4  remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights
5  have been violated.  The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned:
6  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal
7  rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the</u>
8  <u>United States Constitution</u>."  *Id.* at 365-66 (emphasis added).  For example, "[i]f a habeas
9  petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the
10 <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only
11 in federal court, but in state court."  *Id.* at 366 (emphasis added).

12       Nowhere on the Petition does Petitioner allege that he raised his claims in the California
13 Supreme Court.  In fact, he specifically indicates he did not seek review in the California
14 Supreme Court.  (*See* Pet. at 6-9.)  If Petitioner has raised his claims in the California Supreme
15 Court he must so specify.  "The burden of proving that a claim has been exhausted lies with the
16 petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d
17 615, 619 (4th Cir. 1998);  *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997);  *Oyler v.*
18 *Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

19       Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death
20 Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ
21 of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation
22 period shall run from the latest of:

23       (A) the date on which the judgment became final by the
         conclusion of direct review or the expiration of the time for seeking
24       such review;

25       (B) the date on which the impediment to filing an application
         created by State action in violation of the Constitution or laws of the
26       United States is removed, if the applicant was prevented from filing
         by such State action;
27
         (C) the date on which the constitutional right asserted was
28       initially recognized by the Supreme Court, if the right has been

1 | newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
2 |
3 | (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
4 |
5 | 28 U.S.C. § 2244(d)(1)(A)-(D).
6 | The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition
7 | is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).
8 | *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'
9 | when its delivery and acceptance [by the appropriate court officer for placement into the record]
10 | are in compliance with the applicable laws and rules governing filings."). However, absent some
11 | other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is
12 | pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).
13 | Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a
14 | habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to
15 | it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll.
16 | § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal
17 | habeas relief because he has not alleged exhaustion of state court remedies.

## **CONCLUSION**

Based on the foregoing, the Court **GRANTS** Petitioner's request to proceed in forma pauperis. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee. Further, the Court **DISMISSES** this case without prejudice for failure to state a cognizable claim on habeas corpus and failure to allege exhaustion of state judicial remedies. In order to have this case reopened, Petitioner must, **no later than December 11, 2009**, file a First Amended Petition which cures the pleading deficiencies outlined above.

**IT IS SO ORDERED.**

DATED: October 19, 2009

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge