# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODESSA BROWN, II,<br><br>                     Petitioner,<br><br>   v.<br><br>LARRY SMALL, Warden,<br><br>                     Respondent. | Civil No.     09-2165 LAB (AJB)<br><br>**REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING AND DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**<br><br>**[Doc. No. 12.]** |

Petitioner William Odessa Brown II, proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary decision of the California Department of Corrections and Rehabilitation ("CDCR"). Respondent filed a motion to dismiss. Petitioner filed an opposition. Upon a complete review of the record and careful consideration of the arguments presented, the Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** for the reasons stated below and the petition be **DENIED** and **DISMISSED** as **MOOT**.

## Background

On March 11, 2008, Petitioner became angry and pointed his finger at a correctional officer and yelled in a threatening manner, "I'm gonna get your little ass" in front of a large group of inmates. (Notice of Lodgment ("Lodgment") 1.) Petitioner received a Rules Violation Report and a disciplinary

1 hearing was held. On April 16, 2008, Petitioner was found guilty of threatening a peace officer and was assessed 150 days of credit forfeiture. (Id. at 12.)

Petitioner filed an administrative appeal challenging the Rules Violation Report. (Lodgment 2, 3, 4.) His claims were denied at the final level of review. (Lodgment 4.) On January 2, 2009, Petitioner filed a petition for writ of habeas corpus in the Imperial County Superior Court. (Lodgment 5.) The Imperial County Superior Court denied the petition for writ of habeas corpus on March 9, 2009. (Lodgment 6.) On April 9, 2009, Petitioner filed two petitions for writ of habeas corpus before the Court of Appeal, Fourth Appellate District, Division One. (Lodgment 7, 9.) The Court of Appeal denied both petitions on June 17, 2009. (Lodgment 8, 10.) On July 13, 2009, Petitioner filed a petition for writ of habeas corpus before the California Supreme Court which denied the petition on August 12, 2009. (Lodgment 11, 12.) On September 22, 2009, Petitioner filed the instant petition in this Court. He filed an amended petition on December 4, 2009. Petitioner was released on parole after the filing of the petition. (Trav. at 1.) On March 24, 2010, Respondent filed a motion to dismiss the petition. On May 21, 2010, Petitioner filed an opposition to the motion to dismiss.

**Discussion**

In his petition, Petitioner claims that he was denied his due process right to present documentary evidence in his defense at the disciplinary hearing. Second, he argues that the CDCR failed to assign an investigative employee within the allotted time and the records were falsified regarding this error. Third, Petitioner maintains that his Rules Violation Report was improperly classified because the CDCR did not reduce the 150 days credit forfeiture to 30 days as determined on administrative appeal, and the 30 days credit forfeiture was improper anyway. Fourth, he asserts that the CDCR failed to provide him a copy of the disposition within five working days. In his prayer for relief, Petitioner seeks relief sought in his administrative appeal which was dismissal of the Rules Violation Report.

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983). A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). "In order to satisfy the case-or-controversy requirement, the parties must

have a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings." Id. (citation and internal quotation marks omitted). In general, a habeas petition challenging a prison disciplinary proceeding no longer presents a case and controversy when the punishment for the act has been withdrawn or completed at the time of the petition. Id. A presumption of collateral consequences does not apply to prison disciplinary proceedings; however, if a petitioner can show "collateral consequences" flowing from the disciplinary action, the case remains justiciable. Id. at 479-80.

In this case, after the filing of the First Amended Petition, Petitioner was released on parole. (Trav. at 1.) When Petitioner was released on parole, any claim regarding the invalidity of his disciplinary proceeding or restoration of good-time credits lost at a disciplinary hearing became moot because the remedy would serve no purpose. See Nonnette v. Small, 316 F.3d 872, 875-76 (9th Cir. 2002). Petitioner has already completed the punishment imposed by the disciplinary proceeding. Therefore, the claims in his petition are moot. Moreover, Petitioner has not alleged collateral consequences sufficient to avoid dismissal on the ground of mootness. See Wilson, 319 F.3d at 480. Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss the Petition be GRANTED and the Petition be DENIED and DISMISSED as MOOT.

**Conclusion**

Based on the foregoing, the undersigned Magistrate Judge recommends that Respondent's motion to dismiss be **GRANTED** for the reasons stated above and the petition for writ of habeas corpus be **DENIED** and **DISMISSED** as **MOOT**. This report and recommendation is submitted by the undersigned Magistrate Judge to the United States District Judge assigned to this case, pursuant to the provisions of Title 28, United States Code, section 636(b)(1).

**IT IS ORDERED** that no later than **June 22, 2010**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

/ / / /

/ / / /

/ / / /

/ / / /

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 6, 2010**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: June 1, 2010

                                                                                          _____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court